UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

RAMEL ALLEN,

                                      Plaintiff,

          -against-

CITY OF NEW YORK, DERVENT WILLIAMS, Individually,
RANDOLPH PRICE, Individually, DWAYNE LEESHUE,
Individually, and DARRIN SMALLS, Individually,

                                  Defendants,

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff RAMEL ALLEN, by his attorneys, the Leventhal Law Group, P.C., complaining

of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff RAMEL ALLEN is a thirty-one-year old African American man residing in New York, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, DERVENT WILLIAMS, RANDOLPH PRICE, DWAYNE LEESHUE, and DARRIN SMALLS, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.      On March 22, 2013, at approximately 4:00 a.m., plaintiff RAMEL ALLEN was lawfully present in front of 1152 Randall Avenue, Bronx, New York.

13.     At said time, ALLEN had just finished working at the legally licensed nightclub establishment ("the club") located inside 1152 Randall Avenue.

14.     After ALLEN had finished working, he drove his automobile to the front of the club, left the automobile running, and quickly re-entered the club to pick up monies owed to him for work he performed that evening.  When ALLEN exited his vehicle, a friend whom he planned on driving home remained in the front passenger seat of said vehicle.

15.     After ALLEN picked up the monies owed to him, he was walking back to his vehicle when defendants WILLIAMS, PRICE, SMALLS, LEESHUE and approximately two other unidentified NYPD officers approached ALLEN and unlawfully stopped him.

16.     One of the defendant officers asked ALLEN if he knew the owner of said vehicle and ALLEN indicated that he was the owner.

17.     One of the defendant officers then requested ALLEN's driver's license.

18.     ALLEN explained to the defendants that he worked at the club that evening and that he had quickly re-entered the club to pick up monies owed to him.  ALLEN handed a defendant officer his driver's license.

19.     A defendant officer then frisked and searched ALLEN, patting down his jacket and pants, and searching inside ALLEN's jacket and pants pockets.  The officer did not recover any contraband or evidence of criminality.

20.     Defendants WILLIAMS, PRICE, SMALLS and LEESHUE were present and participated in, or oversaw the unlawful stop, frisk, and search of ALLEN.

21.     After ALLEN was searched, some of the defendant officers approached ALLEN'S vehicle.

22.     ALLEN, believing that said defendant officers were about to search his vehicle, then stated to the defendant officers, in sum and substance – What's this about? I also work for a

law firm and I know my rights.

23.     Defendant WILLIAMS then responded, in sum and substance – Since you know your rights, if you say another word you're going in.

24.     ALLEN then responded, in sum and substance – I'm going in because I know my rights?

25.     Defendant WILLIAMS then removed his handcuffs from his belt.

26.     ALLEN, believing that WILLIAMS was about to handcuff him, immediately turned around and placed his hands behind his back.

27.     Defendant WILLIAMS then handcuffed ALLEN.

28.     Defendants PRICE, LEESHUE, SMALLS, and said unidentified officers were in view and earshot of the above described interaction between WILLIAMS and ALLEN, and participated in, oversaw or failed to intervene as defendant WILLIAMS handcuffed ALLEN.

29.     Some of the defendant officers then placed ALLEN in a police vehicle, transported him to the NYPD's 41st precinct stationhouse and imprisoned him therein.

30.     ALLEN was thereafter prosecuted in Bronx County Criminal Court on baseless charges filed under docket numbers 2013BX016855 and 2013SX039079, said charges having been filed based on the false allegations of defendants WILLIAMS, PRICE, and LEESHUE. Defendants WILLIAMS, PRICE, and LEESHUE initiated said prosecutions with malice, and otherwise caused said prosecutions to be commenced against ALLEN for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the aforementioned abuse of authority.

31.     Defendants WILLIAMS, PRICE, and LEESHUE conspired to create and manufacture false evidence against ALLEN, which the officers conveyed to the Bronx County District Attorney's Office and Bronx County Criminal Court causing said evidence to be used

against ALLEN in the aforementioned legal proceedings.

32.     Specifically, defendants WILLIAMS and PRICE falsely alleged in a Criminal Court Complaint filed under docket number 2013BX016855: that ALLEN was standing outside his vehicle with the driver's side door open and music was emitting from the vehicle at a loud level; that WILLIAMS asked ALLEN to enter his vehicle and turn the music down but ALLEN did not comply with WILLIAMS' request; that WILLIAMS asked ALLEN for his identification and ALLEN stated in sum and substance – I'm not giving you my identification until you tell me why you want my identification; that ALLEN refused to enter his vehicle and refused to turn down the music when requested to do so; that when WILLIAMS asked ALLEN to place his arms behind his back, ALLEN stated in sum and substance – I'm not placing my hands behind my back until you tell me why I'm getting arrested; and that when WILLIAMS attempted to place ALLEN's arms behind his back, ALLEN began to stiffen both of his arms and twist his torso from left to right to prevent his arms from being placed behind his back.  All of the allegations of defendants WILLIAMS and PRICE are entirely false.

33.     As a result of the false allegations of defendants WILLIAMS and PRICE, ALLEN was maliciously prosecuted on false charges of resisting arrest (P.L. 205.30) and disorderly conduct (P.L. 240.20 (6)) under docket number 2013BX016855.

34.     The false charges filed under docket number 2013BX016855 compelled ALLEN to return to Bronx County Criminal Court numerous times until all of the charges were dismissed and sealed on August 23, 2013.

35.     In addition, defendant LEESHUE falsely alleged in summons number 4412245814 filed under docket number 2013SX039079 that ALLEN was making unreasonable noise.

36.     As a result of the false allegations of defendant LEESHUE, ALLEN was

maliciously prosecuted on a charge of making unreasonable noise (NYC AC 24-218(a)).

37.     The false charge filed under docket number 2013SX039079 compelled ALLEN to return to Bronx County Criminal Court numerous time until November 26, 2014 when ALLEN was acquitted of said charge after a trial and said charge was thereafter dismissed and sealed.

38.     Defendant LEESHUE also falsely alleged in summons number 4412245800 that ALLEN left his vehicle unattended (NYC AC 10-111(a)).  Said summons compelled ALLEN to appear in Bronx County Criminal Court on one date when ALLEN was informed that the Court determined that LEESHUE had failed to file a legally acceptable accusatory instrument.

39.     Defendants WILLIAMS, PRICE, LEESHUE and SMALLS participated in, oversaw, or failed to intervene in the illegal conduct described herein.

40.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of police officers and supervisors: failing to intervene and report the misconduct of other officers and supervisors; manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

41.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a

result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers and supervisors, including the defendants: fail to intervene and report the misconduct of other officers and supervisors; manufacture false evidence against individuals in a conspiracy to justify their abuse of authority; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

42.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, United States Senior District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

43.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

44.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

45.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

46.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47.     All of the aforementioned acts deprived plaintiff RAMEL ALLEN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants WILLIAMS, PRICE, LEESHUE and SMALLS)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants DERVENT WILLIAMS, RANDOLPH PRICE, DWAYNE

LEESHUE, and DARRIN SMALLS arrested plaintiff RAMEL ALLEN without probable cause,

causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

54.     Defendants WILLIAMS, PRICE, LEESHUE, and SMALLS caused plaintiff

RAMEL ALLEN to be falsely arrested and unlawfully imprisoned.

55.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983
as to defendants WILLIAMS, PRICE, LEESHUE and SMALLS)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants DERVENT WILLIAMS, RANDOLPH PRICE, DWAYNE

LEESHUE, and DARRIN SMALLS unreasonably searched plaintiff RAMEL ALLEN.

58.     Defendants WILLIAMS, PRICE, LEESHUE, and SMALLS unreasonably

9

searched plaintiff RAMEL ALLEN thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

59.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants WILLIAMS, PRICE, and LEESHUE)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants DERVENT WILLIAMS, RANDOLPH PRICE, and DWAYNE LEESHUE created false evidence against plaintiff RAMEL ALLEN.

62.     Defendants WILLIAMS, PRICE, and LEESHUE utilized this false evidence against plaintiff RAMEL ALLEN in legal proceedings.

63.     As a result of defendants' WILLIAMS, PRICE, and LEESHUE'S creation and use of false evidence, plaintiff RAMEL ALLEN suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

64.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendants WILLIAMS, PRICE, and LEESHUE)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

10

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants DERVENT WILLIAMS, RANDOLPH PRICE, and DWAYNE LEESHUE initiated, commenced and continued malicious prosecutions against plaintiff RAMEL ALLEN.

67.     Defendants WILLIAMS, PRICE and LEESHUE caused plaintiff RAMEL ALLEN to be prosecuted without any probable cause until all of the charges were eventually dismissed on or about August 23, 2013 and November 26, 2014.

68.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983
as to defendants SMALLS, WILLIAMS, PRICE and LEESHUE)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants DARRIN SMALLS, DERVENT WILLIAMS, RANDOLPH PRICE, and DWAYNE LEESHUE had an affirmative duty to intervene on behalf of plaintiff RAMEL ALLEN, whose constitutional rights were being violated in their presence by other officers.

71.     Defendants SMALLS, WILLIAMS, RICE, and LEESHUE failed to intervene to prevent the unlawful conduct described herein despite having an opportunity to intervene to prevent said unlawful conduct.

72.     As a result of the foregoing, plaintiff RAMEL ALLEN was unlawfully stopped, searched and arrested, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and compelled to appear in court.

11

73.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RAMEL ALLEN'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

77.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to officers and supervisors: failing to intervene and/or report misconduct by officers and supervisors; manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a

12

practice of falsification in an attempt to justify the false arrest.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAMEL ALLEN.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAMEL ALLEN as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RAMEL ALLEN as alleged herein.

81.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff RAMEL ALLEN was unlawfully stopped, searched, arrested, and maliciously prosecuted.

82.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RAMEL ALLEN'S constitutional rights.

83.     All of the foregoing acts by defendants deprived plaintiff RAMEL ALLEN of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from an unreasonable search;

        D.     To receive his right to fair trial;

        E.     To be free from malicious prosecution; and

        F.     To be free from the failure to intervene.

84.     As a result of the foregoing, plaintiff RAMEL ALLEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.


**WHEREFORE**, plaintiff RAMEL ALLEN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 19, 2016

LEVENTHAL LAW GROUP, P.C.
Attorneys for Plaintiff RAMEL ALLEN
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600

By:    s/
       JASON LEVENTHAL (JL1067)

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RAMEL ALLEN,

                          Plaintiff,

                                      Index No.

        -against-

CITY OF NEW YORK, DERVENT WILLIAMS, Individually,
RANDOLPH PRICE, Individually, DWAYNE LEESHUE.
Individually, and DARRIN SMALLS, Individually,

                          Defendants.

--------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600